## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RLI INSURANCE COMPANY,       )
                               )
     Plaintiff,              )
                               )
v.                           )
                               )    Case No. CIV-25-1419-SLP
AUGUSTA CONTRACTING, LLC and    )
NATE MOSER CONSULTING, INC.,     )
                               )
     Defendants.            )
                               )

## O R D E R

Before the Court is RLI Insurance Company's Motion for Default Judgment [Doc. No. 12]. Defendants Augusta Contracting, LLC and Nate Moser Consulting, Inc. (collectively, Defendants) have not responded to the Motion. For the reasons that follow, Plaintiff's Motion is GRANTED.

## I.      Background / Plaintiff's Claims

On November 5, 2025, Plaintiff, RLI Insurance Company (Plaintiff) filed this action alleging a breach of contract claim and further seeking recovery of attorney's fees and costs and specific performance of "its collateral rights to protect it from loss." Compl. [Doc. No. 1], ¶¶ 13-18. Plaintiff's claims arise out of a General Indemnity Agreement dated September 29, 2023 (the Indemnity Agreement) entered into by Defendants in favor of RLI. *See* Indemnity Agreement [Doc. No. 1-1].

## II.    Procedural History

Defendants were timely served with the Complaint on December 16, 2025.  *See* Returns of Service [Doc. Nos. 5 and 6].  Defendants have failed to answer or otherwise respond to the Complaint and the time for doing so has expired.  On January 28, 2026, the Clerk of Court entered default.  *See* Clerk's Entry of Default [Doc. No. 11].  The record, therefore, reflects that Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b).

## III.    Jurisdiction

Initially, the Court must consider both whether subject matter exists and whether the exercise of personal jurisdiction over the defendant is proper.  *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169-70 (10th Cir. 2011); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

### A.    Subject Matter Jurisdiction

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1).  The parties are citizens of different states.  *See* Compl., ¶¶ 1-3.  Additionally, the amount in controversy exceeds $75,000, excluding interests and costs.  *See* Compl., ¶ 4, 24.

### B.    Personal Jurisdiction

The Court has considered the pleadings and concludes that it has personal jurisdiction over Defendants.  *See, e.g., Sharpshooter Spectrum Venture, LLC v. Consentino*, Case No. CIV-09-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("[W]here, as here, the issue is determined on the basis of the pleadings and

2

affidavits, that burden may be met by a prima facie showing.") (footnote omitted) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

## IV.     **Uncontested Facts / Liability**

"[T]he entry of default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true.  *Id*. at 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought.

Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc*., 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.").

3

### A.    Breach of Contract

Plaintiff seeks default judgment on its breach of contract claim against Defendants. Under Oklahoma law, to recover for breach of contract, a party must prove: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages as a result of the breach.  *Valley View Agri, LLC v. Producers Coop Oil Mill*, Case No. CIV-15-1297-D, 2017 WL 1208670 at *2 (W.D. Okla. Mar. 31, 2017).

Plaintiff has plausibly alleged a breach of contract claim against Defendants. Plaintiff has included the Indemnity Agreement and the Demand Letter issued to Defendants.  *See* Doc. Nos. 1-1 and 1-3.  Plaintiff has shown that Defendants breached the Indemnity Agreement.  *See* Compl., ¶¶ 13-18  And Plaintiff has demonstrated that it has suffered actual damages as a result.  Thus, Plaintiff has established all the elements of a breach of contract claim to support entry of default judgment.

### B.    Damages

Plaintiff represents that the amount of damages is "not fully liquidated at this time" and that the amount of damages should be determined "after the entry of default judgment" and upon Plaintiff's "supplementation with a final damage figure."  The Court therefore directs Plaintiff to file a supplement, as more fully set forth below.

### C.    Specific Performance

Plaintiff also requests the Court to enter default judgment on its request for specific performance under the Indemnity Agreement.  Specifically, Plaintiff requests that Defendants pay collateral security in the amount of $550,000.00.  *See* Indemnity Agreement, paragraph 4.  The Court finds Plaintiff is entitled to specific performance.  *See,*

4

*e.g., Guarantee Co. of N. Am. USA v. MIK, LLC*, No. 1:18-cv-60825-UU, 2018 WL 4208241 at *2-3 (S.D. Fla. June 26, 2018).

## V.      **Conclusion**

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment [Doc. No. 12].

IT IS THEREFORE ORDERED that default judgment is GRANTED in favor of Plaintiff and against Defendants, jointly and severally, as to liability on Plaintiff's breach of contract claim and request for attorney fees and costs.

IT IS FURTHER ORDERED that the Court RESERVES judgment as to the amount of damages to be awarded. *See* Fed. R. Civ. P. 55(b)(2). Plaintiff is directed to submit a supplement within fourteen (14) days or by April 7, 2026, and provide the Court with an accounting of its damages or request a hearing on its damages once fully liquidated.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff for specific performance against Defendants, jointly and severally, and within fourteen (14) days of service of this Order, Defendants shall deposit with Plaintiff the sum of $550,000.00 in good funds as collateral security.

The Court will separately enter Final Default Judgment upon its award of damages, if any, after a hearing.

IT IS SO ORDERED this 24th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

5